# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**AARON AND LINDA LAPEYROUSE**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY, ET AL.**

**CIVIL ACTION**

**NO. 14-52-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 6, 2014.

	RICHARD L. BOURGEOIS, JR.
	UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON AND LINDA LAPEYROUSE | CIVIL ACTION |
| VERSUS | NO. 14-52-JJB-RLB |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiffs' Motion for Remand (R. Doc. 8). The motion to remand is opposed. (R. Doc. 11). Also before the court are motions to dismiss filed by Defendants Wayne Guillot, Jr. and Randy Juge. (R. Docs. 6, 7). These motions are opposed by Plaintiffs in light of their motion to remand. (R. Doc. 8).

Based on the applicable law and analysis which follows, the Plaintiffs' Motion to Remand should be **DENIED** and the Defendants' Motions to Dismiss should be **GRANTED.**

I. **Factual Background**

The factual background for this insurance matter is uncomplicated. The Plaintiffs own a Homeowner's policy (the "Policy") issued by State Farm and Casualty Company ("State Farm"). The Policy covers the Plaintiffs' home in Jefferson Parish, Louisiana (the "Insured Property") and provides the following coverage limits: (1) $440,000 in protection for the building; (2) $330,525 for the contents of the building; and (3) additional living expenses in the amount actually incurred.[1]

---

[1] These coverage limits are shown on the Policy's renewal certificate. (R. Doc. 1-2 at 2).

1

On or about December 5, 2013, the Plaintiffs filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (R. Doc. 1-1 at 10-15) ("Petition"). The Plaintiffs claim that "as a result of the hurricane-force winds of Hurricane Isaac (the efficient proximate cause), the plaintiffs . . . sustained a total loss of their immovable property, significant contents and improvements thereon such that the value of the losses exceed the policy limits of the coverages." (Petition, ¶ 4). In addition to State Farm, the Plaintiffs named as defendants Randy Juge (the Plaintiffs' insurance agent), Wayne Guillot, Jr. (a third-party claims adjuster hired by State Farm), and Kristy Carmichael (a State Farm claims manager).[2] The Plaintiffs are seeking to recover the Policy's full policy limits. (Petition, ¶ 4).

The Plaintiffs allege that State Farm breached the Policy in bad faith by refusing to pay benefits in an arbitrary and capricious manner, entitling the Plaintiffs to damages under the Louisiana bad faith statutes. (Petition, ¶ 17). The Plaintiffs allege that Mr. Juge, the Plaintiffs' insurance agent, "failed to perform the services for which he is paid in violation of the spirit of the agent/insured relationship and in violation of the law." (Petition, ¶ 13). The Plaintiffs allege that Mr. Guillot breached his duties as an adjuster when he "undervalued materials including the cost of sheet rock, roofing materials, gutters and/or other materials related to plaintiffs['] wind damage including, but not limited to, undervaluing the cost of labor, contractors' profit and/or overhead costs, failing to include losses for plumbing repairs and electrical repairs, and loss of income and/or loss of rental income, and/or loss of business income." (Petition, ¶ 17). The Plaintiffs also allege that Mr. Guillot "has made a conscious decision to disregard estimates and engineering reports which clearly indicate that the structure needs to be demolished." (Petition, ¶ 17). Finally, the Plaintiffs allege that Ms. Carmichael "was made aware of all damages to the

---

[2] Ms. Carmichael has not been served with the Petition.

insured property and that she chose to penalize the plaintiffs without reason and against the spirit of the policy and in violation of the law." (Petition, ¶ 12).

State Farm removed the action to this court on January 25, 2014, on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. (R. Doc. 1). In the Notice of Remand, State Farm acknowledges that Mr. Juge, Mr. Guillot, and Ms. Carmichael are alleged by the Plaintiff to be citizens of Louisiana, meaning that their presence in the action would ordinarily defeat complete diversity under 28 U.S.C. § 1332(a). State Farm has alleged, however, that the Plaintiffs improperly joined these individual defendants to this matter for the purpose of avoiding diversity jurisdiction as the Plaintiffs have no reasonable basis for stating a claim against them.

## II.     Summary of the Parties' Arguments

The Plaintiffs argue that Mr. Juge, Mr. Guillot, and Ms. Carmichael are proper parties to this proceeding and have not been improperly joined. The Plaintiffs allege in their motion that Mr. Juge "failed to inform the Plaintiffs that they were underinsured and negligently assured the Plaintiffs that their State Farm policy would adequately cover them for all of the perils and damages caused by a hurricane." (R. Doc. 8 at 2). The Plaintiffs claim that they "discovered the misrepresentations and the acts of negligence during the end of the March 2012-2013 policy period and beginning of the March 2013-2014 policy period in the aftermath of Hurricane Isaac on August 29, 2012." (R. Doc. 8-1 at 2). The Plaintiffs argue that they brought the claim within one year of discovery of Mr. Juge's "alleged act, omission, or neglect," and within three years from Mr. Juge's "alleged act, omission, or neglect," thus precluding application of La. R.S. § 9:5606(A). (R. Doc. 8-1 at 7-9). With regard to Mr. Guillot and Ms. Carmichael, the Plaintiffs allege in their motion they "have conspired amongst themselves and in concert with State Farm to disregard estimates and engineering reports which reports will be proven to show that the

subject property is a total loss." (R. Doc. 8 at 2). The Plaintiffs also allege in their motion that the foregoing conspired acts were "fraudulent and malicious acts" that have resulted in tortious harm to the Plaintiffs. (*Id.*) Based on these positions, the Plaintiffs claim that Mr. Juge, Mr. Guillot, and Ms. Carmichael were properly named parties to the lawsuit and, therefore, the court must remand the action as there is not complete diversity between the parties.

State Farm argues that the Plaintiffs have failed to state a claim against Mr. Juge because, although he has a duty of reasonable diligence, the Plaintiffs have not alleged facts suggesting that he breached that duty. (R. Doc. 11 at 8-15). State Farm argues that the Plaintiffs' claims against Mr. Juge is barred under the one year prescriptive period, or the three year peremptive period, provided in La. R.S. § 9:5606(A). (R. Doc. 11 at 15-19). State Farm also argues that the Plaintiffs failed to plead in the Petition that Mr. Guillot and Ms. Carmichael made any material misrepresentations or committed fraud. (R. Doc. 11 at 4-8). Accordingly, State Farm argues that these adjusters were improperly joined. In support of their separate motions to dismiss for failure to state a claim, Mr. Guillot and Mr. Juge raise virtually the same arguments as made in support of finding improper joinder.

## III. Law and Analysis

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-

4

state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

The parties do not dispute that the amount in controversy exceeds $75,000.[3] The only issue before the court, therefore, is whether the individually named insurance agent and insurance adjusters were improperly joined to this matter to defeat diversity jurisdiction.

### A. Improper Joinder of Insurance Agent

The Louisiana Supreme Court has held that an insurance agent owes a duty of "reasonable diligence" to his customer, which is fulfilled when the agent procures the requested insurance. *Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352, 356 (La. 2010) (citing *Roger v. Dufrene*, 613 So.2d 947, 949 (La. 1993) and *Karam v. St. Paul Fire & Marine*

---

[3] The Plaintiffs do not dispute that the amount in controversy exceeds the jurisdictional amount. It is clear from the petition that the Plaintiffs' are seeking the full limits of coverage under the Policy, which exceed the jurisdictional amount of $75,000. In support of their motion to remand, the Plaintiffs state that their home was "destroyed . . . due to a huge mature tree falling on the structure." (R. Doc. 8-1 at 3). That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 22:1973 supports a finding that the jurisdictional amount has been exceeded. *See Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007).

*Insurance Co.*, 281 So.2d 728, 730-31 (La. 1973)). An insured has a valid claim against the agent when the insured demonstrates that: "1) the insurance agent agreed to procure the insurance; 2) the agent failed to use 'reasonable diligence' in attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance and 3) the agent acted in such a way that the client could assume he was insured." *Isidore Newman School*, 42 So.3d at 356-57 (citing *Kamram*, 281 So.2d at 730-31).

Although claims against insurance agents are viable in Louisiana, they are subject to a one year peremptive period from the date of discovery of the alleged act, omission, or neglect, and a three-year peremptive period from the date of the alleged act, omission, or neglect:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. R.S. § 9:5606(A). Claims of fraud are exempted from these peremptive periods. La. R.S. § 9:5606(C).

A review of the allegations in the Petition and the record at the time of removal demonstrates that the Plaintiffs have not alleged a valid claim against Mr. Juge. In the Petition, the Plaintiffs raise the following allegations against Mr. Juge:

> . . . Randy Juge sold a policy of insurance through State Farm to the plaintiffs and was to act on the plaintiffs['] behalf but failed to perform the services for which he is paid in violation of the spirit of the agent/Insured relationship and in violation of the law.

(Petition, ¶ 13). According to the Defendants, the Plaintiffs purchased the State Farm policy from Randy Juge in April 2002. (R. Doc. 1 at 10).

State Farm first argues that the Plaintiffs do not have a claim against Mr. Juge, and he is therefore improperly joined, based upon the one-year prescriptive period and three-year peremptive period under La. R.S. § 9:5606(A). The Plaintiffs argue that the prescriptive and peremptive periods do not apply because they only discovered the alleged negligence after the Hurricane Isaac landed on August 29, 2013 and within one year of the filing of the lawsuit on December 5, 2013.

The Petition filed by the Plaintiffs asserts only two cursory and conclusory allegations against Mr. Juge. The first allegation states that Mr. Juge "sold a policy of insurance through State Farm to the plaintiffs and was to act on the plaintiffs behalf but failed to perform the services for which he is paid in violation of the spirit of the agent/insured relationship and in violation of the law." (Petition, ¶ 4). This allegation focuses only the original sale of the insurance policy, and not on any subsequent renewals. The Plaintiffs do not allege in the Petition any misrepresentations or omissions made by Mr. Juge at the time of the policy sale, much less during any renewals of the policy.[4] In the absence of any allegations in the Petition that Mr. Juge made any misrepresentations or omissions to the Plaintiffs during a policy renewal period, Plaintiffs' claim against Mr. Juge are likely barred by the three-year preemptive period under La. R.S. § 9:5606(A).

The Plaintiffs also allege that Mr. Juge has "failed to timely adjust and pay the damages" for coverage under the policy. (Petition, ¶ 17). Other than this unsupported conclusion, there is no assertion in the Petition that Mr. Juge was ever responsible for adjusting or paying any claim.

---

[4] Furthermore, Mr. Juge has submitted an affidavit providing that he "had no conversation or communications with Mr. or Mrs. Lapeyrouse that the homeowner's policy would insure them for 'all wind, tornado and rain damage caused by a hurricane' as asserted in the Motion to Remand." (R. Doc. 11-1 at 9).

Plaintiff acknowledges that Mr. Guillot acted as the claims adjuster. Plaintiffs also identify Mr. Juge in their Petition as their insurance agent, not as a claims adjuster.[5]

The court need not determine, however, whether State Farm has met its burden in establishing that the peremptive period bars the Plaintiffs' claims. Even if the Plaintiffs' claims against Mr. Juge are not barred by the peremptive period, the Plaintiffs' claims against Mr. Juge fail for the more basic reason that they have not raised facts under which Ms. Juge breached a duty owed to them under Louisiana law. More specifically, the Plaintiffs have not alleged, or even subsequently shown in support of their motion to remand, that they requested specific insurance coverage that was not ultimately obtained by Mr. Juge. Even though Mr. Juge had a duty of reasonable diligence to advise the Plaintiffs with regard to procuring coverage, he is not liable under Louisiana law unless he did not actually obtain coverage, failed to disclose that fact to the client, and the client assumed that he or she was insured. The Plaintiffs do not allege that Mr. Juge failed to procure the insurance coverage requested and, therefore, fail to raise a viable claim against Mr. Juge.[6]

Apart from the Plaintiffs' arguments in support of their motion for remand (which are unsupported by sworn affidavits), the record is devoid of evidence showing that they requested Mr. Juge to make any changes to the Policy limits, exclusions, or coverage. Plaintiffs argue that Mr. Juge should have recommended ways around "the loopholes, the pitfalls and the short-

---

[5] Furthermore, Mr. Juge provides in his affidavit that as the Plaintiffs' "State Farm agent, [his] duties did not include the adjustment of the claim for damages arising out of Hurricane Isaac and/or payment of that claim on or behalf of State Farm." (R. Doc. 11-1 at 9).

[6] *See Isidore Newman School*, 42 So.3d at 357 ("The federal district courts have also considered an agent's duty to his client and determined that an agent has no duty to independently assess the needs of the insured and recommend coverage; instead, the insured is responsible for communicating his insurance needs, and reading the policy of insurance, upon receipt."); *see also Rowland v. State Farm Fire & Cas. Co.*, No. 06-1629, 2007 WL 3231665, at *3 (W.D. La. Oct. 30, 2007) ("Louisiana case law does not place a duty on insurance agents to insure homes for more than their clients represent they are worth based on the notion that the insurance agent should have known that the owners undervalued their own property."); *Fortier v. State Farm Fire & Cas. Co.*, No. 06-10065, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007) ("Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits.").

comings" of the coverage they obtained "in light of Hurricane Katrina," (R. Doc. 8-1 at 9), but do not allege, in the Petition or in support of their motion, that they specifically requested Mr. Juge to insure their property in light of the damage caused to it, and Mr. Juge represented that the Policy would fully cover the unfortunate damage to the Plaintiffs' home in light of Hurricane Isaac.

After carefully examining the facts submitted to the court in the light most favorable to the Plaintiffs, the court must conclude that there is no possibility that the Plaintiffs might prevail against Mr. Juge. Mr. Juge was improperly joined as a non-diverse defendant in this action.

### B.     Improper Joinder of Insurance Adjusters

Under Louisiana law, "there is generally no cause of action against an insurance adjuster for processing and handing an insurance claim. *See Munsterman v. State Farm Fire & Cas. Co.*, No. 06-8722, 2007 WL 29183, at *2 (E.D. La. Jan. 3, 2007) (citing *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 2211560, at *3 (E.D. La. Jan. 27, 2005)); *see also Rich v. Bud's Boat Rentals, Inc.*, Nos. 96-3279, 97-2612. 97-2723, 1997 WL 785668 at *3 (E.D. La. Dec. 19, 2997) ("This Court has found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advise an insured of covered issues."); *Southern Hotels Ltd. P'ship v. Lloyd's Underwriters at London Cos.*, No. 95-2739, 1996 WL 48001, at *1 (E.D. La. Aug. 7, 1996) (granting insurance adjusters' motion to dismiss insured's claims of negligent investigation of claim on ground that insurance adjusters have no tort duty to insureds).

An insurance adjuster may be held liable under Louisiana law, however, "where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on

9

that information." *Id*.; *see also Pellerin v. Cashway Pharmacy of Franklin, Inc.,* 396 So.2d 371, 373 (La. Ct. App. 1st Cir. 1981) ("[T]here may be circumstances in which the adjuster may be said to have undertaken such a duty. Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation and fraud.") (citation omitted).

Here, the Plaintiffs have failed to allege any facts under which they have a reasonable possibility of recovery against Mr. Guillot and Ms. Carmichael under Louisiana law. Plaintiffs' primary allegation against the adjusters is found in Paragraph XVII of the Petition:

> Upon information and belief, and out of an abundance of caution, plaintiffs further allege that State Farm has acted arbitrarily and capriciously in adjusting and appraising the damages and losses to their respective dwelling, other structures, personal property and/or for additional living expenses, and/or lost income and/or lost business income and/or for all other relief provided by the policy and/or in paying an appropriate amount of such damage(s) after satisfactory proof of loss. More specifically, for example, independent adjuster Wayne Guillot, Jr. (the adjuster) has undervalued materials including the cost of sheet rock, roofing materials, gutters, and/or other materials related to plaintiffs['] wind damage including but not limited to, undervaluing the cost of labor, contractors' profit and/or overhead costs, failing to include losses for plumbing repairs and electrical repairs, and loss of income and/or loss of rental income, and/or loss of business income. Worse yet is that the adjuster has made a conscious decision to disregard estimates and engineering reports which clearly indicate the structure needs to be demolished. Additionally, State Farm, Kristy Carmichael, and Randy Juge have failed to timely adjust and pay the damages that they know exist despite repeated demands since satisfactory proof of loss were submitted and since an inspection was made or should have been made. Accordingly, in that event, plaintiffs are entitled to recover from insurer under La. R.S. 22:1892 and/or La. R.S. 22:1973 damages, penalties, attorneys fees, costs and/or any other relief set forth therein.

(Petition, ¶ 17). The Plaintiffs also allege that Ms. Carmichael "was made aware of all damages to the insured property and that she chose to penalize the plaintiffs without reason and against the spirit of the policy and in violation of the law." (Petition, ¶ 12).

The Petition simply does not contain any allegation that Mr. Guillot or Ms. Carmichael engaged in any fraud or misrepresentations that would possibly trigger an exception to the general rule that claims adjusters cannot be held personally liable in tort with regard to their adjusting of an insurance claim. At most, the Plaintiffs allege that Mr. Guillot ignored certain

10

costs that the Plaintiffs allege are related to wind damage, and disregarded certain reports that the Plaintiffs allege indicate that their home needed to be demolished. In other words, the Plaintiffs allege that Mr. Guillot's adjustment of the claim and decisions regarding the scope of damage caused by wind and the ultimate need to replace the Plaintiffs' home was improper. The Plaintiffs' disagreement with Mr. Guillot's method of adjusting claims and ultimate claims decision, in the absence of an allegation of fraud or misrepresentation, cannot form the basis of a claim against him under Louisiana law. *Munsterman*, 2007 WL 29183. There are no factual allegations in the Petition suggesting that Mr. Guillot committed fraud or that the Plaintiffs relied to their detriment upon truthful information Mr. Guillot had knowingly passed to them.[7] Accordingly, the Plaintiffs having failed to state a claim against Mr. Guillot and have improperly joined him as a defendant.

Similarly, the Plaintiffs claims against Carmichael have no support under Louisiana law. At one level, the Plaintiffs simply equate Ms. Carmichael with State Farm, the actual insurance company subject to liability for bad faith failure to timely adjust the Plaintiffs' claims and pay damages despite submission of proof of loss. Moreover, the Plaintiffs' allegation that Ms. Carmichael "was made aware of all damages to the insured property and that she chose to penalize the plaintiffs without reason and against the spirit of the policy and in violation of the law," in addition to being vague and conclusory, does not contain any allegation that Ms. Carmichael committed fraud or made any misrepresentation to the Plaintiffs. In the absence of any factual allegations in the Petition suggesting that Carmichael committed fraud or that the

---

[7] "The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999).

11

Plaintiffs relied to their detriment upon truthful information Carmichael had knowingly passed to them, the court must conclude that Ms. Carmichael was improperly joined.

Finally, the Plaintiffs allege in support of their Motion to Remand that Ms. Carmichael and Mr. Guillot were engaged in a conspiracy with State Farm to deny the Plaintiffs' claims. No such allegations exist in the Petition.

Accordingly, because the Plaintiffs have no possibility of recovery against Mr. Juge,[8] Mr. Guillot, and Ms. Carmichael, and those non-diverse defendants were improperly joined, the court should deny the Plaintiffs' Motion to Remand.

### C. Motions to Dismiss

The court now turns to the Motions to Dismiss filed by Mr. Juge and Mr. Guillot under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Fifth Circuit has stated that "summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 102 (5th Cir. 1990). Accordingly, this court and other courts within the Fifth

---

[8] Paragraph XVII of the Petition asserts that Mr. Juge failed to timely adjust and pay damages under the policy. As set forth above, other than this unsupported assertion, there is nothing in the Petition alleging a cause of action against Mr. Juge as an adjuster on the Policy. A cause of action against Mr. Juge as an adjuster, however, would fail for the same reasons the claims against Mr. Guillot and Ms. Carmichael fail.

12

Circuit have summarily dismissed improperly joined defendants. *See*, *e.g.*, *Ellis v. Ethicon, Inc.*, No. 09-949-JJB-SCR, 2010 WL 2998602 (M.D. La. July 26, 2010) (dismissing defendants on basis that they were improperly joined); *Gray v. Border Exp. Servs., Ltd.*, No. 11-cv-128, 2012 WL 12385, at *8 (S.D. Miss. Jan. 3, 2012) (summarily dismissing plaintiff's claims against improperly joined parties without prejudice); *Moss v. Unum Grp. Corp.*, No. 10-cv-0002, 2010 WL 3190399, at *3 (W.D. La. July 14, 2010) (recommending "that the court grant summary judgment *sua sponte* and dismiss all claims" against the improperly joined parties), *report and recommendation adopted sub. nom.* 2010 WL 3199728, at *4 (W.D. La. Aug. 11, 2010); *Butler v. Louisiana State Univ. Health Sciences Ctr.*, No. 12-cv-1838, 2012 WL 7784402 (W.D. La. Nov. 19, 2012) ("A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined."), *report and recommendation adopted sub. nom.*, 2013 WL 1180873 (W.D. La. Mar. 20, 2013); *see also Mclin v. H & H Lure Co.*, 102 F. Supp. 2d 341, 343 n. 2 (M.D. La. 2000) ("Before the Court can rule on the motion to dismiss, the Court must first determine if the Court has subject matter jurisdiction. To determine if the Court has subject matter jurisdiction, the Court must first determine if there was a fraudulent joinder. If the Court finds there was a fraudulent joinder, it is in effect finding that the plaintiffs have no cause of action against the non-diverse defendant.").

Because the Plaintiffs do not have any possible claims against Mr. Guillot and Mr. Juge, the Plaintiffs claims against those two individual plaintiffs fail the Rule 12(b)(6) standard. *See Ellis*, 2010 WL 2998602 (dismissing defendants on basis that they were improperly joined); *Benavides v. EMC Mortgage Corp.*, 916 F. Supp. 2d 776, 783 (S.D. Tex. 2013) (summarily dismissing claim against improperly joined defendants under Rule 12(b)(6) after determining

that the defendants' claim failed the "Rule 12(b)(6)-type analysis" that governs the improper joinder standard) (citing *Smallwood,* 385 F.3d at 573).

Accordingly, because Mr. Guillot and Mr. Juge were improperly joined to this action, their motions to dismiss should be granted.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the motion to remand (R. Doc. 8) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Wayne Guillot, Jr.'s motion to dismiss (R. Doc. 6) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that Randy Juge's motion to dismiss (R. Doc. 7) be **GRANTED.**

Signed in Baton Rouge, Louisiana, on August 6, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**