# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**AARON LAPEYROUSE**                                     **CIVIL ACTION**
**AND LINDA LAPEYROUSE**

**VERSUS**                                              **NO. 14-52-JJB-RLB**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

---

## <u>ORDER</u>

Before the Court is Defendant's Motion to Compel (R. Doc. 19) a non-party, Air Block Spray Foam (Air Block), to respond to a Rule 45 subpoena issued by Defendant, State Farm Casualty Company (Defendant). In this action, Plaintiffs, Aaron and Linda Lapeyrouse (Plaintiffs), are suing their homeowner's insurer, Defendant, for insurance coverage and breach of contract. (R. Doc. 1-1). In the course of discovery on April 1, 2014, Defendant served a Rule 45 subpoena duces tecum issued from this Court on non-party, Air Block Spray Foam. (R. Doc. 19-2). The subpoena commanded Air Block to produce certain documents on or before April 28, 2014 at the office of Defendant's attorney. (R. Doc. 19-2). According to Defendant, Air Block failed to produce any documents or otherwise respond to its subpoena before April 28, 2014. (R. Doc. 19-1). Defendant then wrote to Air Block on July 2, 2014 and October 14, 2014, requesting that it comply with Defendant's April 1, 2014 subpoena. (R. Doc. 19-3). Defendant maintains that Air Block failed to respond to both of its letters, which prompted the instant Motion to Compel. Defendant asserts that Air Block "is in direct contempt of this Court" and that the Court should impose sanctions, including costs and attorney's fees. The Court has reviewed Defendant's Motion and finds it procedurally deficient.

Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, *on notice to the commanded person*, the serving party may move the court . . . for an order compelling production or inspection." (emphasis added). In other words, a court may not order compliance with a subpoena under Rule 45, unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See Beare v. Millington*, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010) ("there is no indication that plaintiffs served the motion to compel upon [the non-parties]. Thus, the motion to compel is denied without prejudice to renewal."); *Davis v. Brown*, 2013 WL 1933850, at *2 (E.D.N.Y. May 9, 2013) (denying motion to compel against non-party because "there is no proof that the [non-party] was ever served with this motion."); *Patrick Collins, Inc. v. Joan Does 34-51*, 2012 WL 993379, at *1-2 (S.D. Ca. March 23, 2012) (noting that Rule 45 requires notice to the responsive party of the motion to compel).

In addition to failing to provide notice of the Motion to Compel, the record is unclear as to whether service of the underlying Rule 45 subpoena was sufficient. Defendant does not identify the type of business entity it asserts Air Block to be and provides nothing to support its conclusory assertion that Jose Alvarado is its agent. The Motion also does not set forth its basis for concluding that domiciliary service on Maria Alvarado (presumably not a representative of Air Block) was sufficient under Rule 45.[1]

Here, there is no indication that non-party, Air Block Spray Foam, was ever served with a copy of Defendant's Motion to Compel (R. Doc. 19). For this reason, Defendant's Motion to

---

[1] Defendant explains that Air Block "was formally served" with a copy of the subpoena "through its agent for service of process, Jose Alvarado (domiciliary process through Maria Alvarado) on April 1, 2014." (R. Doc. 19-1 at 1). Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1); *see also Seals v. Shell Oil Supply*, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013) (Roby, Mag.) ("Under the plain language of the rule . . . service is improper if the person himself is not served with a copy of the subpoena.").

Compel is **DENIED** without prejudice to renewal.  Air Block Spray Foam is advised that it has an obligation to comply with appropriate subpoenas that are properly served upon it.  If it fails to comply, it could be subject to a finding of contempt and/or sanctions.  A copy of this Order is being mailed to Air Block Spray Foam at the address listed in the subpoena.

The Court advises Defendant that any future motions to compel discovery from a non-party must be accompanied by a certificate of service indicating notice to the commanded person in accordance with Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on March 20, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**