UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON LAPEYROUSE<br>AND LINDA LAPEYROUSE | CIVIL ACTION |
| VERSUS | NO. 14-52-JJB-RLB |
| STATE FARM FIRE AND<br>CASUALTY COMPANY | |

### ORDER

Before the Court is Defendant's Motion to Compel (R. Doc. 20) a non-party, Plumbing and Mechanical Construction, LLC (Plumbing and Mechanical), to respond to a Rule 45 subpoena issued by Defendant, State Farm Casualty Company (Defendant). In this action, Plaintiffs, Aaron and Linda Lapeyrouse (Plaintiffs), are suing their homeowner's insurer, Defendant, for insurance coverage and breach of contract. (R. Doc. 1-1). In the course of discovery on March 27, 2014, Defendant served a Rule 45 subpoena duces tecum issued from this Court on non-party, Plumbing and Mechanical. (R. Doc. 20-2). The subpoena commanded Plumbing and Mechanical to produce certain documents on or before April 28, 2014 at the office of Defendant's attorney. (R. Doc. 20-2). According to Defendant, Plumbing and Mechanical failed to produce any documents or otherwise respond to its subpoena before April 28, 2014. (R. Doc. 20-1). Defendant then wrote to Plumbing and Mechanical on July 2, 2014 and October 14, 2014, requesting that it comply with Defendant's March 27, 2014 subpoena. (R. Doc. 20-3). Defendant maintains that Plumbing and Mechanical failed to respond to both of its letters, which prompted the instant Motion to Compel. Defendant asserts that Plumbing and Mechanical "is in direct contempt of this Court" and that the Court should impose sanctions, including costs and

attorney's fees.  The Court has reviewed Defendant's Motion, however, and finds it procedurally deficient.

Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, *on notice to the commanded person*, the serving party may move the court . . . for an order compelling production or inspection." (emphasis added).  In other words, a court may not order compliance with a subpoena under Rule 45, unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See Beare v. Millington*, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010) ("there is no indication that plaintiffs served the motion to compel upon [the non-parties]. Thus, the motion to compel is denied without prejudice to renewal."); *Davis v. Brown*, 2013 WL 1933850, at *2 (E.D.N.Y. May 9, 2013) (denying motion to compel against non-party because "there is no proof that the [non-party] was ever served with this motion."); *Patrick Collins, Inc. v. Joan Does 34-51*, 2012 WL 993379, at *1-2 (S.D. Ca. March 23, 2012) (noting that Rule 45 requires notice to the responsive party of the motion to compel).

Here, there is no indication that non-party, Plumbing and Mechanical, was ever served with a copy of Defendant's Motion to Compel (R. Doc. 20).  For this reason, Defendant's Motion to Compel is **DENIED** without prejudice to renewal.  Plumbing and Mechanical Construction, LLC is advised that it has an obligation to comply with appropriate subpoenas that are properly served upon it.  If it fails to comply, it could be subject to a finding of contempt and/or sanctions.  A copy of this Order is being mailed to Plumbing and Mechanical at the address listed in the subpoena.

The Court advises Defendant that any future motions to compel discovery from a non-party must be accompanied by a certificate of service indicating notice to the commanded person in accordance with Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on March 20, 2015.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**